**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET SENDLEIN,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and JOHN DOE,<br><br>Defendants. | ) | Case No.: 4:25-cv-1564 |

**JOINT MOTION TO AMEND THE CASE MANAGEMENT ORDER AND CONTINUE THE TRIAL SETTING**

COME NOW the Parties, by and through counsel, and for their Joint Motion to Amend the Case Management Order and continue the Trial Setting, state as follows:

1. This case involves a trip and fall in the parking lot of a Costco Warehouse in St. Charles County, MO. In addition to the typical issues involving a premises liability case, this case contains less common allegations touching on issues of ADA Accessibility.

2. On January 14, 2026, this Court entered its Case Management Order, under which this case was set for trial beginning April 5, 2027.

3. In accordance with the Track 2 scheduling guidelines, the April 5, 2027 trial date resulted in a discovery deadline of September 11, 2026 and a dispositive motion deadline of September 15, 2026.

4. To accommodate the discovery and dispositive motion deadlines, the Parties agreed to expert disclosure/deposition dates of April 17/May 29 for Plaintiff and July 17/August 28 for Defendant.

5. The Parties have encountered difficulties in obtaining documents and other discovery in time for expert review and in coordinating with experts to meet these deadlines. As such, the Parties seek to extend their expert and discovery deadlines for six (6) months to allow for full fact and expert discovery and to correspondingly extend the trial date to stay in compliance with the Court's scheduling guidelines.

6. Specifically, the Parties seek the following amendments to the Case Management Order:

a. Plaintiff shall disclose all expert witnesses and all treating health care professionals expected to testify at trial and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 16, 2026** (previously April 17, 2026**)**, and shall make expert witnesses available for depositions no later than **November 30, 2026** (previously May 29, 2026).

b. Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than January 15, 2027 (previously July 17, 2026**)**, and shall make expert witnesses available for depositions no later than February 26, 2027 (previously August 28, 2026).

c. All requests for physical or mental examination pursuant to Rule 35, Fed.R.Civ.P., shall be made by December 11, 2026 (previously June 12, 2026), and shall be completed by January 6, 2027 (previously July 3, 2026).

d. The parties shall complete all discovery in this case no later than March 5, 2027 (previously September 11, 2026). This deadline shall not affect the

ability of a party to take the deposition of a treating medical provider for use at trial after this date.

e. This case shall be referred to alternative dispute resolution on **May 8, 2026** and that reference shall terminate on **July 20, 2027** (previously February 1, 2027).

f. Any motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), shall be filed no later than **March 12, 2027** (previously September 15, 2026).

g. Any motions to dismiss, for summary judgment, or motions for judgment on the pleadings must be filed no later than **March 19, 2027** (previously September 15, 2026). Opposition briefs must be filed no later than **twenty-eight (28)** days after the motion is filed. Reply briefs must be filed no later than **fourteen (14)** days after the opposition briefs are filed.

h. A final pre-trial conference shall be set subject to the Court's availability (previously March 31, 2027, at 10:00 a.m.).

i. This action shall be ready for **JURY** trial beginning **September 27, 2027** (previously April 5, 2027**)**, at **9:00 a.m.** This is a **three**-day docket.

7. This Motion is not being made for any improper purpose or to unreasonably delay the resolution of this matter.

WHEREFORE, the Parties respectfully request this Court Grant the Motion to Amend the Case Management Order and Continue the Trial Setting, extending the Case Management Order

and Trial setting as set forth above, and for whatever other and further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**GOLDBLATT & SINGER, P.C.**

By: */s/ Christopher S. Saracino, Jr.*
Christopher S. Saracino, Jr., #70345
csaracino@stlinjurylaw.com
8182 Maryland Ave – Suite 801
St. Louis, MO 63105
(314) 231-4100 – Office
(314) 241-5078 – Facsimile
*Attorney for Plaintiff*

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.**

By: */s/ Jennifer L. Woulfe*
John P. Kemppainen, Jr., #42461MO
Jennifer L. Woulfe, #64252MO
222 South Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: 314-725-0525
Facsimile: 314-725-7150
jkemppainen@gallowaylawfirm.com
jwoulfe@gallowaylawfirm.com
*Attorney for Costco Wholesale Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copy of the foregoing was filed and served via the Court's CM/ECF system on this **4th** day of **May, 2026** upon:

Christopher S. Saracino, Jr.
Goldblatt & Singer, P.C.
8182 Maryland Ave. – Suite 801
St. Louis, MO 63105
csarasino@stlinjurylaw.com
*Attorney for Plaintiff*

*/s/ Jennifer L. Woulfe*