**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET SENDLEIN,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and JOHN DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-1564-RHH |

**FIRST AMENDED CASE MANAGEMENT ORDER - TRACK 2: STANDARD**

This matter is before the Court on the parties' Joint Motion to Amend the Case Management Order and Continue the Trial Setting. (ECF No. 24.) In the motion, the parties state that they have encountered difficulties in obtaining discovery in time for expert review, and they seek a six-month extension of deadlines to allow for full fact and expert discovery. Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on **January 14, 2026**, and the aforementioned joint motion,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Amend the Case Management Order is **GRANTED**. (ECF No. 24.) **In light of the delay that will result from a six-month continuance of all deadlines, the Court cautions that the parties should act prudently in maintaining the schedule set forth below.**

**IT IS FURTHER ORDERED** that the following schedule applies in this case, and **will be modified only upon a showing of exceptional circumstances**:

**I. SCHEDULING PLAN**

1. This case has been assigned to Track 2 (Standard).

2. All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **April 3, 2026**.

3. Disclosure shall proceed in the following manner:

(a) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **January 21, 2026**.

(b) Plaintiff shall disclose all expert witnesses and all treating health care professionals expected to testify at trial and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 16, 2026**, and shall make expert witnesses available for depositions no later than **November 30, 2026**.

(c) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **January 15, 2027**, and shall make expert witnesses available for depositions no later than **February 26, 2027**.

(d) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

(e) All requests for physical or mental examination pursuant to Rule 35, Fed.R.Civ.P., shall be made by **December 11, 2026,** and shall be completed by **January 6, 2027**.

(f) The parties shall complete all discovery in this case no later than **March 5, 2027**. This deadline shall not affect the ability of a party to take the deposition of a treating medical provider for use at trial after this date.

(g) If the parties are unable to reach an agreement on a discovery dispute without court intervention, they ***must*** file a joint memorandum. The memorandum shall summarize the nature of the dispute and the parties' respective positions. It shall also specify the parties' previous attempts to resolve. Upon receipt of the memorandum, the Court will schedule a phone conference or set a briefing schedule, as appropriate.

4. This case shall be referred to alternative dispute resolution on **May 8, 2026** and that reference shall terminate on **July 20, 2027**.

5. Any motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), shall be filed no later than **March 12, 2027**.

6. Any motions to dismiss, for summary judgment, or motions for judgment on the pleadings must be filed no later than **March 19, 2027**. Opposition briefs must be filed no later than **twenty-eight (28)** days after the motion is filed. Reply briefs must be filed no later than **fourteen (14)** days after the opposition briefs are filed.

A final pre-trial conference is set for **September 22, 2027,** at **10:00 a.m.**

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **September 27, 2027**, at **9:00 a.m.** This is a **three-**day docket.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

**1. Stipulation:**

Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

**2. Witnesses:**

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3. Exhibits:**

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

**4. Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5. Jury Instructions**

Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts. The parties reserve the right to submit requests for additional or modified instructions no later than ten (10) days prior to trial in light of opposing party's requests for instructions. Each request must be supported by at least one pertinent citation. **Each party must submit to chambers a copy of its proposed instructions, with labels and citations, in Microsoft Word or similar format, by email at MOEDml_Holmes@moed.uscourts.gov**.

**6. Findings of Fact, Conclusions of Law and Trial Brief:**

Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7. Motions in Limine:**

File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, at least twenty (20) days before trial. The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion. Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

Failure to comply with any part of this Order may result in the imposition of sanctions.

Dated this 5th day of May, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE