IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SENDLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 4:25-cv-01564-RHH |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MEMORANDUM REQUESTING CONFERENCE ON DISCOVERY DISPUTE REGARDING PLAINTIFF'S CORPORATE DESIGNEE DEPOSITION TOPICS

COME NOW Plaintiff Janet Sendlein and Defendant Costco Wholesale Corporation ("Costco"), by and through counsel, and jointly request a discovery conference concerning Plaintiff's corporate-designee deposition notice and topics. In support, the Parties state:

1. Plaintiff provided Costco with her proposed corporate-designee deposition notice and topics in Word format on August 3, 2026.[1] *See* Exhibit A.

2. The Parties have attempted in good faith to resolve the dispute without Court intervention. Counsel exchanged written correspondence regarding the topics on July 15, July 22, August 21, August 31, and September 1, 2026. Counsel also discussed the topics during a video conference on August 3, 2026; a telephone conference on August 21, 2026; and an in-person meeting on September 4, 2026. Relevant correspondence is attached as Exhibits B–H.

3. Plaintiff alleges that she fell over a rubber wheel stop in Costco's parking lot. Costco contends that the original 31 deposition topics are overbroad and disproportionate to the needs of the case pursuant to Rule 26(b)(1). Plaintiff maintains that the requested testimony concerns the wheel stop, the related bollard and parking-space configuration, and Costco's knowledge and decision-making concerning those conditions.

[1] The same 31 proposed topics had previously been sent to defense counsel in an email on 7/6/26.

4. Through the Parties' meet-and-confer efforts, Plaintiff has narrowed or clarified the requested testimony as follows:

- Plaintiff does not seek testimony regarding the store interior, food safety, OSHA, employee safety, or other unrelated corporate subjects.
- Plaintiff has limited the requested physical scope to the exterior parking-lot area, the relevant parking space, and the surrounding area necessary to address the wheel stop, bollard, and related configuration.
- Plaintiff has agreed Costco need not prepare a designee on the entire history of the parking lot. Plaintiff seeks testimony concerning the prior relevant configuration, the redesign that included the subject wheel stop (estimated to be 2018 & 2021 by Costco representatives), what changed, and the design, implementation, and decision-making relevant to those changes.
- Plaintiff has agreed to substitute Costco's proposed lighting topic for Plaintiff's Topic 14.
- Plaintiff has agreed to limit Topic 15 to Costco's consideration or analysis of the subject wheel-stop design and placement compared with relevant alternatives, and has clarified that "adjacent" means the area around the relevant parking space.
- Plaintiff has agreed to a ten-year limitation for Topic 13 and has agreed to Costco's proposed limitations for Topics 18, 23, 24, 25, and 28.
- Plaintiff has agreed that Topics 29–31 may be limited to the responsible decision-makers, nonprivileged information, and relevant document availability, retention, loss, and preservation issues.

5. The Parties stipulate that the remaining issues in dispute are:

- **Prior design and redesign:** Whether Costco must provide corporate-designee testimony concerning the prior relevant parking-space configuration, the redesign that included the subject wheel stop, and the reasons, standards, drawings, specifications, and decision-making associated with the relevant changes.
- **Scope of relevant configuration:** Whether testimony may include the bollard, parking-space layout, pedestrian route around the relevant parking space, and related design features necessary to address the selection and placement of the subject wheel stop.
- **Other incidents and claims:** Whether discovery and corporate-designee testimony concerning same or similar falls involving rubber wheel stops may extend beyond the agreed geographic area; and, if so, the appropriate temporal scope.
- **Other-store practices:** Whether testimony concerning wheel-stop and bollard designs at other Costco warehouses should be limited to the agreed geographic area or may include additional locations for purposes of identifying relevant alternative designs and practices.
- **Analyses and privilege:** Whether, and to what extent, Costco must provide testimony concerning analyses, assessments, studies, or materials involving the subject or same/similar wheel stops where Costco asserts work-product, attorney-client, insurer-related, or other privilege protections.

- **Post-incident investigation, changes, and records:** Whether Costco must provide testimony regarding nonprivileged investigation activities, employee or witness statements, changes, and the availability, retention, loss, or preservation of relevant records.

6. Costco's specific concerns are as follows:

- **Testimony regarding parking lot features other than wheel stops and bollards.** (Topics #1, 3-9, 11-12, 15-19, 21, 25, 26, 27, 29). Plaintiff claims to have tripped over a wheel stop in an accessible space as she was walking around the front of her car to her driver's door. Several topics seek information regarding parking layout and design generally, pedestrian walkways/walking paths, bollards, curbs, storefront protection, and other physical barriers/similar devices. Costco has expressed its agreement to testimony regarding wheel stops and bollards since those were features near the location of Plaintiff's fall. Plaintiff was not in a walkway nor was she near the storefront or at a curb. Additionally, references "other physical barriers" and "similar devices" are undefined. As such, Costco objects to testimony on these other issues.
- **Time limitations.** (Topics #1-9, 11, 13-15, 17-23, 25-29). Several topics do not define a time period or, in Costco's opinion, seek information over an unreasonably long period of time. Plaintiff alleges an injury occurring on 12/10/23 as a result of a design defect, namely, the selection and use of the subject wheel stop, and in particular, its visibility. This wheel stop was installed as part of a parking lot ADA upgrade in 2022, and the lighting was last upgraded in this parking lot in 2017. It is Costco's position that testimony on the other designs and modifications to the parking lot beginning with its original construction in 2001 is not only burdensome but also does not go to the issue in this case, which is the design as it was on 12/10/23. The same is true with respect to various policies and procedures with respect design, maintenance, and inspection. It is Costco's position that the relevant information is as the date of the accident, not what came before and not any subsequent changes thereafter.
- **Other incidents and warehouses.** (Topics #7, 16-22). Plaintiff seeks testimony regarding parking lot designs and other trip and fall incidents at this and other Costco locations. Costco has approximately 640 warehouses in the U.S. alone. It is Costco's position that having a designee testify as to the parking lot designs and other incidents at all those locations, without a limit as to time, would be practically impossible and would have little, if any, relevance to this case. While the parties discussed possible geographic limitations on other designs, Plaintiff has maintained that other incidents are relevant across all warehouses. Also, the question of a limitation on time remains unsettled.
- **Claims of Privilege.** (Topics #13, 26, 30) Costco objects to providing testimony on actions taken or documents created in anticipation of litigation, including assessments, studies, and analyses from other litigation that was done internally and/or by a consulting, non-testifying expert and actions taken by or on behalf of claims or defense counsel in relation to the investigation of the subject matter.

WHEREFORE, the Parties jointly request a conference with the Court to resolve the foregoing discovery disputes

**GOLDBLATT & SINGER, P.C.**

By: _/s/ Christopher S. Saracino_
Christopher S. Saracino, Jr., #70345
csaracino@stlinjurylaw.com
8182 Maryland Ave – Suite 801
St. Louis, MO 63105
(314) 231-4100 – Office
(314) 241-5078 – Facsimile
*Attorney for Plaintiff*

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.**

By: _/s/ Jennifer L. Woulfe_
Jennifer L. Woulfe, #64252MO
222 South Central Avenue, Suite 1110
St. Louis, Missouri 63105
Telephone: 314-725-0525
Facsimile: 314-725-7150
jwoulfe@gallowaylawfirm.com
*Attorney for Costco*