**From:** Jennifer Woulfe
**To:** Christopher Saracino; Katerina Zhuravel
**Cc:** Kimberly Bradley; Elizabeth Bini; John Kemppainen; Allison Thompson
**Subject:** RE: Sendlein v. Costco
**Date:** Tuesday, September 1, 2026 12:57:59 PM
**Attachments:** image001.png

Chris,

I am discussing your responses from yesterday with Costco and will get back to you in full on those shortly. In the interim, I wanted to clarify a few things.

1. On the history of the parking lot design, it is not that Costco had a design for 20+ years that employed either bollard or wheel stops but not both and then changed it in 2022. There were likely several jobs on the parking lot in that span of time that changed its features or layout in one way or another. What I can tell you is that while the 2022 project involved the installation of the wheel stop in question, I can tell from Google street view images that the parking lot design in place prior to the 2022 job also involved the use of both bollards and wheel stops in the ADA spaces. We have not yet been able to confirm when, if ever, this lot was designed to only use one or the other in the ADA spaces. Our concern with the topics stretching over the history of the lot is that it would involve multiple different jobs for various reasons with interim layouts and features that have nothing to do with what was present on the date of the incident.

2. On my notes about studies/assessments in relation to litigation, our position is that if Costo hired a consulting expert in a case to evaluate liability and never named that expert for testifying, that expert's opinions and materials are privileged work product. I agree that when an expert is disclosed for purposes of providing an opinion at trial, the work product privilege no longer applies. I do not presently know if Costco has ever used either type of expert in litigation to consult on wheel stops or bollards, but in the event they have used a consulting expert in this regard, I wanted to make sure we were retaining our privilege with respect to any of those.

3. I agree that statements of your client, regardless of who took them, are discoverable. No one at the store level took statements of any witnesses or employees regarding the incident.

Thanks,
Jenny

---

**From:** Jennifer Woulfe
**Sent:** Monday, August 31, 2026 10:24 AM

Exhibit H

**To:** 'Christopher Saracino' <csaracino@stlinjurylaw.com>; Katerina Zhuravel <kzhuravel@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

Sounds good. We will get a notice out

---

**From:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Sent:** Monday, August 31, 2026 10:20 AM
**To:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>; Katerina Zhuravel <kzhuravel@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

***** External Sender - Please Exercise Caution*****

I am pretty open – whatever you are comfortable with. 10:30 ish?

*CHRISTOPHER S. SARACINO, JR.*
**GOLDBLATT + SINGER**
8182 Maryland Avenue, Suite 801
ST. LOUIS, MO 63105
P: (314) 231-4100
F: (314) 241-5078
D: (314) -655-9074
csaracino@stlinjurylaw.com
www.stlinjurylaw.com

*This e-mail message from the law firm of Goldblatt & Singer is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a name recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately at 314.231.4100 that you have received this message in error, and delete the message.*

---

**From:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Sent:** Monday, August 31, 2026 10:18 AM
**To:** Christopher Saracino <csaracino@stlinjurylaw.com>; Katerina Zhuravel <kzhuravel@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

Chris,

I will dig into this later today and get back to you. What time do you want to do Plaintiff's deposition on Friday?

Jenny

**Jennifer L. Woulfe, Director**
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
O: 314-725-0525 | F: 314-725-7150
D: 314-656-6880
JWoulfe@gallowaylawfirm.com

GALLOWAY
Galloway Johnson Tompkins Burr & Smith
AL | FL | GA | LA | MO | MS | TX
GallowayLawFirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.

---

**From:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Sent:** Monday, August 31, 2026 10:13 AM
**To:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>; Katerina Zhuravel <kzhuravel@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

***** External Sender - Please Exercise Caution*****

Jennifer:

This is getting very detailed and specific. We are not going to allow Costco to determine the scope of its deposition. However, I am willing to work with you and I think I have been very reasonable in my curtail of certain topics. Again, my client has a right to conduct discovery within the applicable rules, meaning discovery as it pertains to material

reasonably likely to lead to the discovery of admissible evidence.

With us still discussing the topics, I would suggest we push off the deposition of the corporate rep deposition until we finalize everything. What do you think about that?

1. We already agreed to this, this is about the parking lot, the spaces and the pedestrian and vehicle controls therein. I don't have any interest in anything going on inside the store.
2. Who is in charge of designing, implementing and maintaining the parking lot is all relevant. There is no intention on our part to dig into food safety, OSHA or employee safety. Additionally, the relevant time periods are the prior design, the redesign and the fall. If you can produce someone that can speak to the prior design and why it was changed, the implementation of the new design, and what factors went into it, I would be happy with that.
3. Your time periods are too limiting. The prior design and the redesign is relevant.
4. I agree the sidewalk is not where the incident occurs. However, the design of the parking lot and the adjacent sidewalks dictates the routes patrons return to their cars and for that purpose it is relevant.
5. This is non-negotiable on our part. This is the heart of the case and we will not curtail any part of 5 without a court order.
6. This is non-negotiable on our part. This is the heart of the case and we will not curtail any part of 6 without a court order.
7. This is non-negotiable on our part. This is the heart of the case and we will not curtail any part of 7 without a court order.
8. This is non-negotiable on our part. This is the heart of the case and we will not curtail any part of 8 without a court order.
9. I am amenable to someone who can speak to what was there and the design, implementation, standards, decision making processes and considerations of the redesign, to include the prior drawings and specs and what was changed.
10. Nothing really objectionable here, this goes to the heart of the issue, the parking bloc.
11. Does not request anything about the entire history of the parking lot. It was redesigned after twenty years. Give me someone that knows what was there and what it was changed to and you temporal issues are gone. Other than that the other portion of topic 11 are relevant.
12. Your objection is basically that Costco already produced this information, so I don't see what the problem is.
13. I do not think our topic needs changed but I can agree to your 10 year limitation. However, with regards to the objection on work product in other cases, like or

similar cases are discoverable and encompassed in this production and notice topics. Further, if those analysis, assessments or studies where performed prior to installing wheel blocks and used in the assessment of which wheel blocks to be used they are discoverable. Further, if used in litigation, public filing or disclosure to adversaries may eliminate confidentiality and can undermine a continuing protection claim; use as a sword while asserting it as a shield can support waiver or fairness-based discovery. Again, I am fine with the 10 year limitation, but, again, if there are other wheel block cases or claims against Costco that arise from these black rubber wheel stops, it is discoverable and the analysis or assessments used in that litigation, i.e., filings, is discoverable and not protected by work-product.

14. I am fine with your proposed lighting topic #7 and can agree to swap this out.
15. I agree that this case is more design based, alternative wheel stops, etc., and I am fine limiting the topic to whether Costco considered and/or analyzed whether this wheel stop design was appropriate vs. other considerations for placement of other wheel sops.
16. I agree that "adjacent" could mean like areas closer to the store front. I was using adjacent to mean the area around the parking space. I can agree to limit to that.
17. We are geneally agreeable to limiting to the agreed geographical area (except for other similar cases that have been brought against Costco for the use of black rubber wheel stops causing falls by customers). The heart of the issue is why they had a wheel stop and a bollard at the same location/parking space. If someone can answer that for me, this will satisfy 17.
18. I can agree to your limitations proposed in 1c to satisfy 18.
19. We cannot limit this to just this store. This encompasses Costco as a whole across the country. This is a different analysis than our geographical limitation to what designs were used in other stores in the area, vs. same or similar instances.
20. Same as 19.
21. Same as 19. I can agree that related trip hazards can be vague, however, black rubber wheel stops causing falls is relevant to this litigation and other similar cases are discoverable.
22. Whether Costco has moved away from use of these wheel stops for any reason is relevant. I can't really modify it.
23. I can agree your limitation in 3d to satisfy 23.
24. Same as 23, I can agree to your limitation on 1e to satisfy 24.
25. I can agree to 3c to satisfy 25.
26. I agree with you on 26. However, if it is your intention to not provide any other lawsuits that allege wheel stops causing falls that are of the same design, I cannot agree to that.
27. Same as 26.

28. I can agree to 11a and b to satisfy 28 and limit to ten years as you have proposed.
29. This question is going to who is the decision maker for Costco on who installed the wheel stops, further, what the decision maker did to come to the conclusion on which wheel stops used. If someone can answer that, I am good with your limitations.
30. I disagree that if changes were made, it is not discoverable. Again, discoverability does not automatically mean admissibility. Further, if statements were taken by any of the Costco employees and changed hands prior to GB being involved, it is discoverable. Not my intention to breach insurer-insured privilege.
31. This topic covers answers that go to the heart of an answer “we don’t have that information any longer or we lost that report.” Looks like you guys produced a lot of the documents, so this should not really be any issue. Your privilege objection needs to be evaluated, if a Costco employee took statements of my client or of witnesses, they will be discoverable. If they sent a report to its insurer, not discoverable, on its face unless there is no other practicable way for us to obtain that information.

*CHRISTOPHER S. SARACINO, JR.*
**GOLDBLATT + SINGER**
8182 Maryland Avenue, Suite 801
ST. LOUIS, MO 63105
P: (314) 231-4100
F: (314) 241-5078
D: (314) -655-9074
csaracino@stlinjurylaw.com
www.stlinjurylaw.com

*This e-mail message from the law firm of Goldblatt & Singer is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a name recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately at 314.231.4100 that you have received this message in error, and delete the message.*

---

**From:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Sent:** Friday, August 21, 2026 3:45 PM
**To:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

Chris,

Please see the attached with thoughts on each topic. Although everything is noted under

"Objection," a lot contained herein is not actually an objection but rather references back to other topics or the proposed topics I sent over. I just felt it was easier to designate everything under that title. I hope this helps.

Enjoy your weekend.

Jenny

**Jennifer L. Woulfe, Director**
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
O: 314-725-0525 | F: 314-725-7150
D: 314-656-6880
JWoulfe@gallowaylawfirm.com

GALLOWAY
Galloway Johnson Tompkins Burr & Smith
AL I FL I GA I LA I MO I MS I TX
GallowayLawFirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.

---

**From:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Sent:** Friday, August 21, 2026 11:37 AM
**To:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

***** External Sender - Please Exercise Caution*****

Hey Jennifer:

This seems very limiting in its intention. I believe my client has the right to conduct discovery just like in every other case, with an eye towards "reasonably calculated to lead to the discovery of admissible evidence."

I am reattaching the original NOVD. Would you mind just telling me what particular

topics are of concern for Costco and I can consider limiting them or withdrawing them. I previously agreed that we are only discussing the outside of the store, in the relevant area, and limited other designs to "local" stores as to not burden your client. I would appreciate some more clarity on where these concerns by Costco are coming from in particular topics.

Christopher S. Saracino, Jr.
GOLDBLATT + SINGER
8182 Maryland Avenue, Suite 801
ST. LOUIS, MO 63105
P: (314) 231-4100
F: (314) 241-5078
D: (314) -655-9074
csaracino@stlinjurylaw.com
www.stlinjurylaw.com

*This e-mail message from the law firm of Goldblatt & Singer is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a name recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately at 314.231.4100 that you have received this message in error, and delete the message.*

---

**From:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Sent:** Friday, August 21, 2026 9:59 AM
**To:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

Chris,

Per our discussion, I am attaching a draft of corporate designee topics in which I have tried to take into consideration the areas you are interested in, based on your list of topics as well as our conversations, as well as the concerns raised by Costco. Topics 8-11 would likely be addressed by the local warehouse manager who we are trying to set Sept. 2-4. As discussed, I am attaching this to the latest email I could find regarding our discussions on this topic, although I know we also had a call on August 3.

Let me know your thoughts on the attached. I will have to run anything we put together by Costco for final approval, but I believe I have addressed most of their concerns here. I appreciate your time today.

Thanks,
Jenny

**Jennifer L. Woulfe, Director**
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
O: 314-725-0525 | F: 314-725-7150
D: 314-656-6880
JWoulfe@gallowaylawfirm.com

GALLOWAY
Galloway Johnson Tompkins Burr & Smith
AL | FL | GA | LA | MO | MS | TX
GallowayLawFirm.com

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.

---

**From:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Sent:** Thursday, July 30, 2026 1:59 PM
**To:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** Re: Sendlein v. Costco

***** External Sender - Please Exercise Caution*****

Hi Jennifer, Monday morning would work. Go ahead and send a calendar invite for whatever time works best for you.

Thanks,

Sent from my iPhone

> On Jul 30, 2026, at 12:06 PM, Jennifer Woulfe <JWoulfe@gallowaylawfirm.com> wrote:
>
> Hi Chris,
>
> Wanted to follow-up regarding a call to hammer out these issues. Unfortunately,

the week got away with me, and I am getting ready to go on vacation. I could talk after 3 today or sometime Monday morning. I could also probably make another morning next week work, although I will have to make sure it does not conflict with any vacation plans.

Thanks,
Jenny

**Jennifer L. Woulfe, Director**
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
O: 314-725-0525 | F: 314-725-7150
D: 314-656-6880
JWoulfe@gallowaylawfirm.com

<gallowayemaillogo_0e939988-64b3-42f5-9838-cd396c18e3c6.png>

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.

---

**From:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Sent:** Wednesday, July 22, 2026 2:11 PM
**To:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** RE: Sendlein v. Costco

***** External Sender - Please Exercise Caution*****

Jennifer:

I will follow this email up with a call. Wanted to give you my thoughts in writing first.

1. A lot of the topics reference parking spots at the storefront/storefront protection and hazards in pedestrian walkways/ADA accessible paths. However, this incident did not occur in a parking spot adjacent to the

storefront, nor did it occur in a pedestrian walkway.

Potentially confusing language, however, below is a photo of the area which I understand was where the fall occurred. For example, the white slashed lines on the pavement are the walkways we are referring to. The storefront, as referred to in the topics, means the parking lot in front of the store. I don't intend to discuss topics inside of the store. The ADA accessible paths would be those surrounding the handicap spots in the parking lot.

<image002.png>

2. As far as standards, policies, etc., the topics do not have a defined time period. I assume we are talking about the standards as of the date of the incident?

Hard for me to confirm for you exactly what standards I am seeking. For example, if there were old design standards for parking spaces and those changed from the previous design to the one present when Ms. Sendlein fell, that would be important to know. If you want to provide some insight into this, I would be willing to work with you on this.

3. To the extent the topics ask about safety standards & maintenance generally, we need to limit these to the matters at issue in the pleadings – i.e., parking lots, trip hazards, etc.

I agree.

4. The original design of this parking lot was over 20 years ago and it was redone prior to the incident. Can we instead focus on the 2022 reno when the subject wheel stop was installed?
    1. As far as the renovation, we will speak to what we can, but as you know from our discovery answers, Costco hired and outside architect and contractor for the job

I think the change in 2022 is important. For example, if the previous design was different, it would be important to evaluate that design particularly with the parking space, parking block and Ballards in that area. What I am understanding you to say is that from the original design, it had not changed until 2022, so really should just be the old design and the new design of the parking spaces.

5. We need to discuss a limit on the topics regarding other stores. There are over 600 Costco warehouses nationwide, all built at different times and involving different topography. We can't reasonably speak to every single

one.

Your position makes sense. I would imagine most of them are pretty uniform. We can discuss the alternate designs at different stores. I would say at a minimum it would be the Missouri stores and Metro East and other stores these architects worked on.

We need a reasonable time limitation on the prior incidents, complaints, etc. 10 years is a long time and I don't even think their record retention goes back that far

We can just limit it to their document retention at the time of the injury.

After you have been able to review this, we can have a call.

Thanks,

CHRISTOPHER S. SARACINO, JR.
GOLDBLATT + SINGER
8182 Maryland Avenue, Suite 801
ST. LOUIS, MO 63105
P: (314) 231-4100
F: (314) 241-5078
D: (314) -655-9074
csaracino@stlinjurylaw.com
www.stlinjurylaw.com

*This e-mail message from the law firm of Goldblatt & Singer is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a name recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately at 314.231.4100 that you have received this message in error, and delete the message.*

---

**From:** Jennifer Woulfe <JWoulfe@gallowaylawfirm.com>
**Sent:** Wednesday, July 15, 2026 9:38 AM
**To:** Christopher Saracino <csaracino@stlinjurylaw.com>
**Cc:** Kimberly Bradley <KBradley@gallowaylawfirm.com>; Elizabeth Bini <EBini@gallowaylawfirm.com>; John Kemppainen <JKemppainen@gallowaylawfirm.com>; Allison Thompson <Allison.Thompson@gallowaylawfirm.com>
**Subject:** Sendlein v. Costco

Hi Chris,

Do you have some time next week to discuss the scope of some of these corporate designee topics? So you are not going in blind, below are some of my initial thoughts:

1. A lot of the topics reference parking spots at the storefront/storefront protection and hazards in pedestrian walkways/ADA accessible paths. However, this incident did not occur in a parking spot adjacent to the storefront, nor did it occur in a pedestrian walkway.
2. As far as standards, policies, etc., the topics do not have a defined time period. I assume we are talking about the standards as of the date of the incident?
3. To the extent the topics ask about safety standards & maintenance generally, we need to limit these to the matters at issue in the pleadings – i.e., parking lots, trip hazards, etc.
4. The original design of this parking lot was over 20 years ago and it was redone prior to the incident. Can we instead focus on the 2022 reno when the subject wheel stop was installed?
    1. As far as the renovation, we will speak to what we can, but as you know from our discovery answers, Costco hired and outside architect and contractor for the job
5. We need to discuss a limit on the topics regarding other stores. There are over 600 Costco warehouses nationwide, all built at different times and involving different topography. We can't reasonably speak to every single one.
6. We need a reasonable time limitation on the prior incidents, complaints, etc. 10 years is a long time and I don't even think their record retention goes back that far.

Thanks,
Jenny

**Jennifer L. Woulfe, Director**
222 S. Central Avenue, Suite 1110
St. Louis, MO 63105
O: 314-725-0525 | F: 314-725-7150
D: 314-656-6880
JWoulfe@gallowaylawfirm.com

<image003.png>

THIS MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR PRIVILEGED COMMUNICATIONS. PLEASE DO NOT FORWARD WITHOUT SPECIFIC PERMISSION.