**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET SENDLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1564-RHH |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the parties' Joint Memorandum Requesting Conference on Discovery Dispute Regarding Plaintiff's Corporate Designee Deposition Topics. (ECF No. 29.) The memo was filed pursuant to the Case Management Order, which requires a joint memorandum regarding discovery disputes requiring court intervention. Specifically, the memorandum must summarize the nature of the dispute and the parties' respective positions, and the memorandum must specify the parties' previous attempts to resolve. (ECF No. 18.)

In the present joint memorandum, the parties request a discovery conference concerning Plaintiff's corporate-designee deposition notice and topics. The parties identify their meet and confer efforts, identify some narrowing of topics pursuant to their efforts, and then identify six overarching categories they call the "remaining issues in dispute." The draft notice of deposition at issue contains 31 topics. (ECF No. 29-1.) The remaining issues in dispute do not cite to the Topic Numbers to indicate to the Court which of the 31 topics are disputed. Then, Defendant identifies four categories of "specific concerns." For each concern, Defendant cites specific Topic Numbers that fall into each of the four categories, and Defendant's reason for its objection to each of the four categories. Plaintiff's response to Defendant's basis for its objections is missing from the memorandum.

Attached to the memorandum are eight exhibits: the draft notice of deposition containing the 31 topics proposed before any narrowing by agreement (ECF No. 29-1); and 63 pages of email correspondence between the parties (ECF Nos. 29-2-29-8). Given the nature of email correspondence, the email exhibits are long and repetitive. Based on the joint memorandum, it appears that Defendant's concerns and/or objections involve nearly all of the 31 deposition topics except for Topic Nos. 10, 24, and 31. At this point, the Court is not inclined to scour through the parties' meet and confer efforts to glean either party's position on the remaining disputes. Therefore, in order to allow for a productive discovery conference and to expedite resolution of the issues so that the parties can move forward with the deposition, the Court will instruct the parties to jointly supplement their joint memorandum. In the supplement, Plaintiff should respond to Defendant's position on each of the four "specific concerns." (ECF No. 29, ¶ 6.) To the extent Plaintiff's response warrants a reply from Plaintiff that is not already addressed in the original joint memorandum, Plaintiff may briefly reply to Plaintiff's response in the supplement. The supplement should also include the parties' joint availability for a discovery conference between October 13, 2026, and October 21, 2026.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall file a supplement to the Joint Memorandum (ECF No. 29) no later than **October 8, 2026**. The joint supplement must be signed by counsel for both parties and must meet the requirements identified herein.

Dated this 1st day of October, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE